# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

___

**MONTGOMERY WALKER,**
      Petitioner,

    v.                                                      Case No. 18-C-0147

**WILLIAM POLLARD, Warden,**
      Respondent.
___

## DECISION AND ORDER

Montgomery Walker has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before me now is the respondent's motion to dismiss the petition as untimely or, in the alternative, to dismiss ground three of the petition as procedurally defaulted.

## I. BACKGROUND

In March 2012, following a jury trial, Walker was convicted in a Wisconsin court of first-degree sexual assault of a child under age twelve. The state alleged that Walker had sexual intercourse with his eight-year-old step-granddaughter. The victim immediately reported the assault and was examined by a forensic nurse, who found injuries consistent with sexual assault. Semen, which DNA analysis revealed to be Walker's, was found on the victim's underwear.

Walker's defense was that he was framed by the victim and her mother, Walker's stepdaughter. To support this defense, Walker called his wife as a witness. She testified that her daughter hated Walker. She also offered testimony designed to provide an innocent explanation for the presence of Walker's semen on her granddaughter's underwear. She testified that, around the time of the alleged assault, she and Walker

had sexual intercourse and that, afterward, she wiped herself with a sanitary napkin and threw it in the garbage. She testified that the victim had been known to play in the garbage and suggested that this may have been how she got his semen on her underwear.

The jury convicted Walker, and the trial court sentenced him to twenty-five years of initial confinement and seven years of extended supervision. Walker's postconviction counsel initiated the direct-review process by filing a motion in the trial court alleging ineffective assistance of trial counsel. This motion alleged that, during plea negotiations, trial counsel failed to adequately advise Walker of the elements of the charged crime and the strength of the state's case against him, which resulted in Walker's rejecting a favorable plea deal. The trial court denied the motion.

Walker appealed to the Wisconsin Court of Appeals. He raised the same claim of ineffective assistance of trial counsel that he raised in his postconviction motion. He also argued that the trial court had erred when it denied his trial counsel's pretrial motion to withdraw. The Wisconsin Court of Appeals rejected both claims. Walker then sought discretionary review by the Wisconsin Supreme Court. That court denied review on December 18, 2014.

On November 3, 2015, Walker filed a federal habeas petition in this court. *See* E.D. Wis. Case No. 15-C-1306. He asked the judge to whom that case was assigned to employ the stay-and-abeyance procedure of *Rhines v. Weber*, 544 U.S. 269 (2005), so that he could exhaust his state-court remedies with respect to certain grounds for relief. The judge denied Walker's request. Following the denial, Walker sought dismissal of his

petition without prejudice so that he could exhaust his unexhausted claims. The court granted that request and dismissed the petition without prejudice on May 24, 2016.

On February 2, 2016, while his first federal petition was pending, Walker filed a state postconviction motion under Wis. Stat. § 974.06 in the Milwaukee County Circuit Court.[1] In this motion, Walker alleged that his trial counsel rendered ineffective assistance by failing to object to a juror that Walker thought was biased against him. According to Walker, the juror was a former upstairs neighbor of Walker's mother who once got into a verbal altercation with Walker. The altercation occurred when Walker confronted the juror about blocking his mother's driveway. Walker claims that the altercation ended when the juror told Walker that he was "going to blow [Walker's] damn head off." Aff. of Montgomery Walker ¶ 6, ECF No. 10.

During voir dire, Walker did not recognize the juror as the person with whom he had had this altercation. Moreover, when the court asked the prospective jurors whether any of them knew Walker, the juror in question did not raise his hand. Thus, the juror was seated without objection. However, on the second day of trial, Walker's sister recognized the juror and informed Walker and his trial counsel that he was a long-time family "foe" who had in the past threatened to kill Walker. *Id.* ¶ 8. According to Walker, his trial counsel shrugged off this information, saying that it was too late to stop the trial, and did not bring Walker's claim of juror bias to the court's attention. Walker alleged in

---

[1] The motion was file-stamped February 4, 2016, but the respondent concedes that the petitioner mailed the motion from prison on February 2, 2016, and that therefore it should be treated as filed on February 2, 2016. *See* ECF No. 17 at p.8.

his postconviction motion that trial counsel's failure to bring the information to the court's attention amounted to ineffective assistance.

Also in his § 974.06 motion, Walker alleged that his postconviction/appellate counsel[2] rendered ineffective assistance by failing to raise, in her postconviction motion and on appeal, trial counsel's ineffectiveness in failing to bring Walker's claim about the juror to the trial court's attention. In the motion, Walker alleged that he told appellate counsel about trial counsel's failure to act on the information about the juror but that his appellate counsel also failed to act.

The trial court denied Walker's § 974.06 motion without holding an evidentiary hearing, concluding that Walker had failed to allege facts that, if true, would warrant relief. Walker then appealed to the Wisconsin Court of Appeals, which affirmed. In its opinion, the court first invoked a state procedural rule stating that, absent a "sufficient reason," a person convicted of a crime may not raise a claim under § 974.06 that could have been raised in a prior postconviction motion or on direct appeal. *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185 (1994). Although the court did not expressly state this, it is apparent from the context of the opinion that the court would deem Walker's claim of trial-counsel ineffectiveness barred by *Escalona-Naranjo* unless Walker could demonstrate a sufficient reason for failing to raise that claim during direct

---

[2] In Wisconsin, to raise certain issues on appeal, including claims of ineffective assistance of trial counsel, a defendant must file a motion for postconviction relief in the trial court before proceeding with a direct appeal. *See, e.g. State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 677–78 (Ct. App. 1996). Often, the lawyer who represents the defendant on direct appeal will also be the lawyer who files this postconviction motion, and Wisconsin cases will often refer to the same lawyer as both "postconviction counsel" and "appellate counsel." In the present case, the same lawyer represented Walker during the postconviction and appellate stages of direct review. For the remainder of this opinion, I will refer to this lawyer simply as "appellate counsel."

4

review. The court then noted that ineffective assistance of appellate counsel may constitute a sufficient reason under *Escalona-Naranjo*. It proceeded to evaluate whether Walker had established such a claim. It found that, in his § 974.06 motion, Walker had failed to allege facts that, if true, would entitle him to relief on his claim of ineffective assistance of appellate counsel. Specifically, the court found that Walker had failed to allege "that appellate counsel's failure to raise [the juror-bias and trial-ineffectiveness] issues cannot be explained or justified." ECF No. 17-11 at p.7. The court also found that, to prevail on a claim of appellate-counsel ineffectiveness, Walker would have to show that the juror-bias and trial-ineffectiveness claims were "clearly stronger" than the issues that appellate counsel did raise. *Id.* at pp.6–7. It then noted that Walker had failed to allege facts or offer support for his assertion that the unraised claims were clearly stronger than the raised claims. The court stated that, "[o]n this basis alone," Walker's claim of appellate-counsel ineffectiveness failed. *Id.* at p.7. The court thus implicitly treated Walker's trial-ineffectiveness claim as procedurally barred by *Escalona-Naranjo*.

However, the court of appeals also discussed the merits of the trial-ineffectiveness claim. The court found that Walker had not alleged facts in his § 974.06 motion that, if true, would have shown that he was denied an impartial jury or that his trial counsel was ineffective in failing to raise the juror issue. The court also noted that the evidence against Walker was overwhelming and that therefore he could not have been prejudiced by any of these alleged errors.

5

Walker again petitioned for discretionary review by the Wisconsin Supreme Court, and that court again denied review. His petition for review was denied on December 12, 2017.

On January 29, 2018, this court received Walker's current federal petition through the court's electronic-filing system. The petition includes Walker's declaration that he placed it in the "prison mailing system" on the same date that the court received it. ECF No. 1 at p.15. The petition alleges three grounds for relief—technically four, since ground three contains two claims. In ground one, Walker alleges that the trial court erred when it denied his trial counsel's pretrial motion to withdraw. In ground two, Walker alleges that his trial counsel rendered ineffective assistance during plea negotiations by failing to adequately advise him of the elements of the charged crime and the strength of the state's case against him, which resulted in Walker's rejecting a favorable plea deal. In ground three, Walker alleges that his trial counsel rendered ineffective assistance when he failed to object to the biased juror. He also alleges that his appellate counsel rendered ineffective assistance by failing to raise a claim of ineffective assistance of trial counsel based on trial counsel's failure to object to the juror.

The respondent moves to dismiss the entire petition on the ground that it was filed outside of the one-year limitation period of 28 U.S.C. § 2244(d). In the alternative, the respondent argues that ground three of the petition—which pertains to the lawyers' alleged ineffectiveness in raising the juror issue—must be dismissed as procedurally defaulted.

6

## II. DISCUSSION

**A.     Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year time limitation for a state prisoner to file a federal habeas corpus petition. That year runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). In the present case, there is no dispute that the relevant date is provided by § 2244(d)(1)(A), "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The time for Walker to seek direct review expired on March 18, 2015. That is so because the Wisconsin Supreme Court denied Walker's petition for discretionary review in his direct appeal on December 18, 2014, and the time for Walker to seek certiorari review in the Supreme Court of the United States expired 90 days later without Walker's having sought certiorari. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (confirming that where petitioner does not seek certiorari during direct review, conviction becomes final for purposes of § 2244(d)(1)(A) when time for seeking certiorari expires); S. Ct. R. 13.1 (petition for certiorari must be filed within 90 days of entry of judgment at issue). Thus, the federal limitation period began to run on March 19, 2015, the day after the time for seeking certiorari expired. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (federal period begins running day after time to seek certiorari expires). As of that date, Walker had one year—until March 18, 2016—to file his federal petition. *See Johnson v. McBride*, 381 F.3d 587, 588 (7th Cir. 2004); *see also United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (adopting "anniversary method" for determining end of one-year period under analogous provision of 28 U.S.C. § 2255).

Walker did not file his current federal petition until January 29, 2018.[3] However, on February 2, 2016, he filed a motion under Wis. Stat. § 974.06 in the Wisconsin trial court. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the one-year period of limitation. The respondent concedes that Walker's § 974.06 motion qualifies as a properly filed application for state collateral review. ECF No. 17 at p.8. Thus, the federal limitation period stopped running on February 2, 2016, the date on which this motion was filed. By that time, Walker had used 320 days of the one-year federal period (March 19, 2015 through and including February 1, 2016). [4]

State proceedings relating to Walker's § 974.06 motion lasted until December 12, 2017, the date on which the Wisconsin Supreme Court denied his request for discretionary review. The federal period thus resumed running at that time. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007). As noted, Walker did not file his current petition until January 29, 2018.

---

[3] For purposes of this opinion, I assume that Walker did not file his petition until January 29, 2018, which, Walker declares, is the date on which he deposited the petition in his prison's mailing system. However, in response to the respondent's motion to dismiss, Walker seems to claim that he attempted to present his petition to prison officials for electronic filing as early as January 23, 2018, but that those officials failed to act on his request for electronic filing until January 29. If this is true, then it is arguable that, under the prison mailbox rule, Walker's petition should be deemed to have been filed on January 23, 2018. *See Armstrong v. Louden*, 834 F.3d 767, 769 (7th Cir. 2016); *Taylor v. Brown*, 787 F.3d 851, 858–59 & n.10 (7th Cir. 2015). Because I conclude that Walker's petition is timely even if it is considered to have been filed on January 29, 2018, I do not need to determine whether Walker should be credited with an earlier filing date. For this reason, I will deny Walker's motion for an evidentiary hearing to prove that he attempted to file electronically as early as January 23, 2018.

[4] Walker filed his first federal petition on November 3, 2015, which was later dismissed without prejudice. The time during which the first petition was pending is not tolled. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

8

The respondent contends that Walker's one-year federal period expired on Thursday, January 25, 2018, and that therefore his petition was filed four days late. However, the respondent's computation of the due date for Walker's petition is based on two premises with which I disagree: (1) that Walker had 365 days in his one-year federal period, and (2) that the federal period resumed running on the same date that the Wisconsin Supreme Court denied his petition for discretionary review of his § 974.06 motion.

Regarding the first premise, I conclude that Walker actually had 366 days in his one-year period. Walker's conviction became final by the conclusion of direct review on March 18, 2015. Therefore, absent tolling, his federal petition would have been due on the anniversary of this date, March 18, 2016. *See Johnson*, 381 F.3d at 588; *Marcello*, 212 F.3d at 1010. But 2016 was a leap year, and thus Walker's original federal period consisted of 366 days. *See Marcello*, 212 F.3d at 1010 (holding that, under § 2255, anniversary date is the last date to file even when intervening period includes the extra leap-year day). Accordingly, for purposes of computing Walker's revised due date once statutory tolling is accounted for, I credit him with 366 total days in his federal one-year period. *See Harper v. Ercole*, 648 F.3d 132, 134 (2d Cir. 2011) (crediting petitioner with 366 days when original one-year period included a leap-year day).

Next, the respondent contends that statutory tolling stopped, and the federal period resumed running, on December 12, 2017, the date on which the Wisconsin Supreme Court denied Walker's petition for discretionary review in his state collateral attack. In support of this contention, the respondent cites the Seventh Circuit's opinion in *Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2006). In that case, which involved

9

statutory tolling under § 2244(d)(2), the court wrote that "the AEDPA statute of limitations clock began running again on February 5, 2003, when the Illinois Supreme Court denied [the petitioner's request for discretionary review]." *Id.* at 788. The respondent interprets this passage as meaning that the day on which the state supreme court denies review counts toward the one-year federal limitation period. However, this cannot be what the passage means, for in the very next sentence the court computes the relevant time period without counting the date on which the state supreme court denied review. Specifically, after stating that the clock began running again when the state supreme court denied review on February 5, 2003, the court stated that the habeas petition was not filed in federal court "until January 21, 2004, 350 days later." *Id.* But January 21, 2004 would be 350 days after February 5, 2003 only if February 5, 2003 is not counted as a day. If it were counted, then January 21, 2004 would be the 351st day. Thus, *Jones v. Hulick* does not stand for the proposition that the day on which the state supreme court denies review in a collateral attack is counted toward the one-year federal period. Moreover, because an application for state collateral review is in fact still "pending" on the date on which the state supreme court denies review, that date must not be counted toward the federal period. 28 U.S.C. § 2244(d)(2); *Lawrence*, 549 U.S. at 332. Accordingly, I conclude that Walker's federal period resumed running again on December 13, 2017, the day after the Wisconsin Supreme Court denied his request for discretionary review of his § 974.06 motion.

As noted above, Walker allowed 320 days of his 366-day federal period to lapse before he filed his § 974.06 motion. Thus, when the period resumed running again on December 13, 2017, he had 46 days remaining. Using December 13, 2017 as day one,

10

the 46th day was January 27, 2018. Because January 27, 2018 was a Saturday, the federal limitation period rolled forward to the following Monday. *See Johnson*, 381 F.3d at 588. This court received Walker's petition on that very Monday, and therefore his petition is timely.

**B.     Procedural Default**

As an alternative to his timeliness argument, the respondent contends that Walker procedurally defaulted ground three of his petition, which contains his claims of ineffective assistance of trial and appellate counsel based on their failures to raise the biased-juror issue.

Procedural default is an aspect of the independent-and-adequate-state-ground doctrine, which governs the Supreme Court's jurisdiction to directly review decisions by state courts. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Under that doctrine, the Supreme Court will not review a question of federal law decided by a state court if the decision of that court rests on a state-law ground that is independent of the federal question and adequate to support the judgment. *Id.* The Supreme Court has expanded the doctrine to apply not only to its own review of state-court decisions, but also to any federal court's review of the legality of a person's custody under a state judgment. *Id.* at 729–30. The habeas version of the doctrine bars federal review when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. *Id.*

In the present case, the respondent contends that the Wisconsin Court of Appeals rejected Walker's ineffective-assistance claims on independent and adequate state procedural grounds. The respondent identifies two different grounds that he

contends are independent of the federal question and adequate to support the judgment. The first is the rule of *State v. Escalona-Naranjo* that says, absent a sufficient reason, a claim that could have been raised in a prior postconviction motion or on direct appeal cannot be raised in a subsequent motion under § 974.06. This rule would bar federal habeas review of Walker's claim for ineffective assistance of trial counsel, but not his claim for ineffective assistance of appellate counsel. As for the latter claim, the respondent argues that federal review is barred because the Wisconsin Court of Appeals rejected it based on Walker's failure to satisfy the pleading standards applicable to motions under § 974.06. Under this pleading standard, a court may deny a postconviction motion without holding a hearing "if all the facts alleged in the motion, assuming them to be true, do not entitle the movant to relief; if one or more key factual allegations in the motion are conclusory; or if the record conclusively demonstrates that the movant is not entitled to relief." *State v. Allen*, 274 Wis. 2d 568, 579 (2004) (footnote omitted).

For purposes of the respondent's motion to dismiss, I will assume that the Wisconsin Court of Appeals' application of the *Escalona-Naranjo* rule to Walker's trial-ineffectiveness claim would bar federal review of that claim if Walker did not show a sufficient reason for his failure to raise that claim on direct review. My focus, instead, is on Walker's claim of ineffective assistance of appellate counsel, which Walker alleged as his sufficient reason under *Escalona-Naranjo*. The respondent contends that the Wisconsin Court of Appeals also rejected this claim on an independent and adequate state ground, namely, the *State v. Allen* pleading standard. As explained below, I conclude that, as applied to this case, the pleading standard is not a procedural ground

that is "independent" of the federal question, and that therefore it cannot serve as the basis for a procedural default in this case.

The *State v. Allen* pleading standard determines when a Wisconsin trial court must hold a hearing on a postconviction motion. 274 Wis. 2d at 577–86; *State v. Balliette*, 336 Wis. 2d 358, 383 (2011) (stating that one purpose of pleading standard is "to minimize time-consuming postconviction hearings unless there is a clearly articulated justification for them"). Under the standard, a court must hold a hearing "only when the movant states sufficient material facts that, if true, would entitle the defendant to relief." *Allen*, 274 Wis. 2d at 580. If the movant alleges such sufficient facts, then the court must hold a hearing to determine whether the facts are true. *Balliette*, 336 Wis. 2d at 383. Otherwise, the court may deny the motion without a hearing.

In general, to apply the *Allen* rule, a court must also apply the relevant substantive law, since, without applying the relevant substantive law, a court cannot determine whether the alleged facts would entitle the movant to relief under that law. Thus, for example, if a postconviction motion purports to assert a claim for ineffective assistance of trial counsel, the court must apply *Strickland v. Washington*, 466 U.S. 668 (1984), to determine whether the motion alleges sufficient facts that, if true, would entitle the defendant to relief under *Strickland*.

Because the *Allen* rule requires a court to apply the relevant substantive law, in cases in which the relevant substantive law is federal, the *Allen* rule cannot be "independent" of the federal question for purposes of the independent-and-adequate-state-ground doctrine. Under that doctrine, "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's

13

holding is not independent of federal law." *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *see also Stewart v. Smith*, 536 U.S. 856 (2002). Here, to apply the *Allen* rule to a federal constitutional claim, a Wisconsin court will have to make a federal constitutional ruling. Namely, it will have to determine whether the facts alleged in the postconviction motion, if proved to be true, would entitle the movant to relief under federal law. For example, to determine whether the motion entitles the movant to a hearing on an ineffective-assistance claim, the court will have to determine whether the motion alleges facts that, if true, would entitle the movant to relief under *Strickland v. Washington*. Thus, in most cases, the *Allen* rule will not be independent of federal law.

I say "in most cases" because there is one way that a Wisconsin court could reject a federal claim under *Allen* without considering the merits of that claim. This could occur when a court rejects a claim on the ground that it was presented in the postconviction motion in an entirely conclusory fashion. For example, assume that a defendant files a postconviction motion alleging nothing more than that trial counsel rendered ineffective assistance because he did not adequately prepare for trial. (In *Allen*, the Wisconsin Supreme Court used this very example to show when a motion would be deemed conclusory. *See* 274 Wis. 2d at 584.) This allegation is entirely conclusory because it provides no factual allegations to support the movant's bare opinion that trial counsel did not adequately prepare for trial. No facts allege what trial counsel did, failed to do, or should have done. In this example, a court could deny the postconviction motion under *Allen* without applying federal law: because the motion includes no facts at all, the court does not have to apply *Strickland* to deny the motion without a hearing. The court may simply note that the motion contains only bare legal

conclusions and dismiss it on that ground. This aspect of the *Allen* rule is analogous to a waiver or forfeiture rule, such as a rule that a court will deem waived any argument that is not adequately developed in the party's brief. *See, e.g., State v. Lepsch*, 374 Wis. 2d 98, 137 n.28 (2017) (declining to consider argument on ground that it was inadequately developed). To apply such a waiver or forfeiture rule, a court does not have to consider the merits of the waived or forfeited claim. Thus, when a Wisconsin court cites *Allen* or related cases in the course of denying a postconviction motion containing a federal claim on the ground that the motion is entirely conclusory, the court's disposition of the federal claim may rest on an independent state-law ground.

In the present case, the Wisconsin Court of Appeals did not reject Walker's claim of ineffective assistance of appellate counsel as entirely conclusory. Indeed, Walker's motion was not entirely conclusory; he provided at least some factual details, including the facts establishing the juror's motive for being biased against him and the fact that he told both trial and appellate counsel about the alleged bias. Instead, the Wisconsin Court of Appeals rejected the claim on the ground that the postconviction motion failed to allege certain facts that the court deemed necessary to success on the federal claim. Specifically, the court faulted Walker for failing to allege that "appellate counsel's failure to raise these issues cannot be explained or justified" and for failing to offer any support for his assertion that the claims that appellate counsel failed to raise were "clearly stronger" than the claims she actually brought. ECF No. 17-11 at p.7. The court's disposition of the claim thus depended on two federal constitutional rulings, namely, that to succeed on a claim of ineffective assistance of appellate counsel involving unraised issues, a criminal defendant must (1) prove that counsel's failure to raise the issues

15

cannot be explained or justified and (2) show that the unraised issues were "clearly stronger" than the raised issues.[5] It follows that the court's disposition of the claim did not rest on an independent state-law ground.

The respondent points out that, in one case, the Seventh Circuit found that a Wisconsin court's disposition of a claim under *State v. Allen* rested on an independent and adequate state ground. *See Lee v. Foster*, 750 F.3d 687, 693–94 (7th Cir. 2014). That case, however, involved the state court's rejection of a federal claim on the ground that it was entirely conclusory. Here is how the Seventh Circuit summarized the state-court's disposition of the claim:

> The Wisconsin Court of Appeals relied on the Wisconsin Supreme Court's rule set forth in *State v. Allen*—which governs when a petitioner asserts that he is entitled to an evidentiary hearing—as its basis for denying Lee's motion. The court stated, "A WIS. STAT. § 974.06 motion must offer more than conclusory allegations to be legally sufficient. *See Allen*, 274 Wis.2d 568, ¶ 12, 682 N.W.2d 433. We agree with the circuit court that Lee's allegations of postconviction counsel's ineffectiveness were conclusory . . . . The motion was not sufficient under *Allen*." This rule clearly served as an independent basis for the court's denial of Lee's motion.

*Lee*, 750 F.3d at 693. From the Seventh Circuit's summary, it appears that the state court did not, either explicitly or implicitly, apply the facts alleged in the § 974.06 motion to the applicable federal standards and conclude that those facts, even if true, would not entitle the movant to relief. Instead, as the Seventh Circuit summarized the case, the

---

[5] Although the Wisconsin Court of Appeals cited Wisconsin Supreme Court cases to support its conclusion that Walker was required to prove both of the elements identified in the text, those supreme-court cases were themselves based on the federal standards governing ineffective-assistance claims. *See State v. Romero-Georgana*, 360 Wis. 2d 522, 545–46 (2014) (adopting "clearly stronger" standard for claims of ineffective assistance of appellate counsel); *State v. Balliette*, 336 Wis. 2d 358, 385–86 (2010) (concluding that, to prove deficient performance under *Strickland*, movant must show that counsel's failure to raise an issue cannot be explained or justified).

16

state court rejected the motion on the ground that it contained only conclusory allegations. Presumably, the motion in *Lee* was similar to the example the Wisconsin Supreme Court gave in *State v. Allen* of an entirely conclusory motion: a motion that alleges no facts and states only that counsel was ineffective for not preparing adequately for trial. *See Allen*, 274 Wis. 2d at 584. Thus, *Lee v. Foster* does not stand for the proposition that the *State v. Allen* rule will always qualify as an independent and adequate state ground. Rather, that case is limited to a situation in which a state court rejects a federal claim on the ground that it was pleaded in an entirely conclusory fashion. As I have already explained, that is not the situation presented by this case, and therefore *Lee* does not apply.

Because the Wisconsin Court of Appeals' disposition of Walker's claim of ineffective assistance of appellate counsel did not rest on an independent state ground, Walker did not procedurally default that claim. Moreover, because the Wisconsin Court of Appeals' application of the *Escalona-Naranjo* rule to Walker's claim of ineffective assistance of trial counsel depended on its rejection of Walker's claim that his appellate counsel was ineffective, I cannot at this time dismiss his claim of ineffective assistance of trial counsel based on procedural default. Should Walker in this case prove that his appellate counsel was ineffective in failing to raise the trial-ineffectiveness claim, then Walker will have established a "sufficient reason" for his failure to raise his trial-ineffectiveness claim on direct review, and the bar of *Escalona-Naranjo* would not apply. Thus, the respondent's motion to dismiss ground three of the petition will be denied.

Before concluding, I emphasize that my finding that the state court's application of *State v. Allen* did not result in a procedural default does not mean that Walker will be

17

free to pursue allegations in this court that he did not include in his § 974.06 motion in state court. This is so because AEDPA limits a federal habeas court's ability to consider facts and evidence that the petitioner did not present to the state court. In the present case, because the Wisconsin Court of Appeals adjudicated Walker's claims of ineffective assistance of counsel on the merits,[6] he will be able to obtain relief under AEDPA only if he satisfies 28 U.S.C. § 2254(d). But a federal court's review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011). Here, that means that unless Walker can show that the Wisconsin Court of Appeals violated, or unreasonably applied, clearly established Supreme Court law when it determined that the allegations in his § 974.06 motion failed to show that he was entitled to relief under federal law, he will not be entitled to present new facts in this court.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the respondent's motion to dismiss the petition (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the respondent shall file an answer in accordance with Rule 5 of the Rules Governing § 2254 Cases within **30 days** of the date of this order.

**IT IS FURTHER ORDERED** that the petitioner's motion for a hearing and other relief (ECF No. 26) is **DENIED**.

---

[6] For the reasons explained in this opinion, the application of *State v. Allen* to Walker's § 974.06 motion resulted in a decision on the merits of Walker's federal claim of ineffective assistance of appellate counsel. Moreover, the Wisconsin Court of Appeals, as an alternative to its *State v. Allen* ruling, explicitly considered the merits of Walker's trial- and appellate-ineffectiveness claims.

18

**FINALLY, IT IS ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any. Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition must not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2019.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge